IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TAMMY M. ROCHELEAU                                                                          PLAINTIFF

v.                                              CIVIL NO. 25-3030

FRANK BISIGNANO, Commissioner
Social Security Administration                                                              DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Tammy M. Rocheleau, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).[1] In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for DIB on July 19, 2021, alleging an inability to work since May 2, 2019, due to atrial fibrillation, depression, chronic pain, fibromyalgia, gastrointestinal problems, knee problems, and high blood pressure. (Tr. 94, 268, 302). For DIB purposes, Plaintiff maintained insured status through September 30, 2021. (Tr. 16, 275). An administrative video hearing was held on May 16, 2024, at which Plaintiff appeared with counsel and testified. (Tr. 39-69).

---

[1] Plaintiff also filed a Title XVI Supplemental Security Income application on July 19, 2021, and was found disabled at the reconsideration level as of January 1, 2023. (Tr. 16, 138).

By written decision dated June 11, 2024, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 18). Specifically, the ALJ found that through the date last insured Plaintiff had the following severe impairments: hypertension, asthma, disorders of the skeletal spine, atrial fibrillation, anxiety and depression. However, after reviewing all of the evidence presented, the ALJ determined that through the date last insured Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 19). The ALJ found that through the date last insured Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1657(b) except limited to working in a controlled environment with no exposure to dust, fumes or smoke in concentrated amounts or temperature extremes; limited to working at jobs with simple tasks no detailed or complex instructions and only occasional interaction with public.

(Tr. 21). With the help of a vocational expert, the ALJ determined that through the date last insured Plaintiff could perform work as a production assembler, a mail clerk, and a routing clerk. (Tr. 30).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on April 15, 2025. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 9, 11).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

In her appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence. In making this claim, Plaintiff argues the following issues on appeal: 1) The ALJ's RFC determination is not supported by substantial evidence; 2) The ALJ's determination that Plaintiff retained the RFC to perform light work is not supported by substantial evidence; 3) The ALJ erred in applying the relevant rules requiring reversal; 4) The ALJ failed to evaluate the combined effects of all of Plaintiff's impairments; and 5) The ALJ erred in failing to find Plaintiff's impairments met or medically equaled a Listing. (ECF No. 9). Defendant argues the ALJ properly considered all the evidence, and the decision is supported by substantial evidence. (ECF No. 11).

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on September 30, 2021. Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of May 2, 2019, her alleged onset date of disability, through September 30, 2021, the last date she was in insured status under Title II of the Act. To qualify for DIB, Plaintiff must prove that on or before the expiration of her insured status she was unable to engage in substantial gainful activity due to a medically determinable physical

or mental impairment which is expected to last for at least twelve months or result in death. *Basinger v. Heckler*, 725 F.2d 1166, 1168 (8th Cir. 1984).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. Plaintiff claims the ALJ erred in evaluating her impairments under Listings 1.15, 12.02, 12.11, 12.04, 12.06, 12.07, 12.15, 4.02, 5.06, 5.07, 5.08 and 11.04. (ECF No. 9, p. 17). Plaintiff has the burden of demonstrating her impairments meet all the requirements of a given Listing. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998). Upon review of the record, the Court finds substantial evidence supporting the ALJ's determination that Plaintiff's impairments did not meet or equal the requirements of any Listing through her date last insured.

With respect to Plaintiff's RFC, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, witness statements, and her medical records when he determined Plaintiff could perform light work with limitations through her date last insured. With each medical opinion, the ALJ stated how persuasive he found each opinion and articulated the basis for his finding. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole the Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). The Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and

Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 24th day of November 2025.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE